IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

FREDDY MONTALVO et al.,

Plaintiffs

v.                                                                     CIVIL NO. 12-1568 (GAG)

LT's BENJAMIN RECORDS, INC. et al.,

Defendants.

## OPINION AND ORDER

Presently before the court is Plaintiffs' Motion for Reconsideration of the court's dismissal of Counts IV and V (contributory and vicarious copyright infringement) of their third amended complaint. (See Docket No. 202.) The court previously granted in part and denied in part Defendants' Motion to Dismiss at Docket No. 186, which included the dismissal of said claims. (See Docket No. 201.)

Plaintiffs argue that, taking the complaint's allegations as a whole, they sufficiently pleaded a claim for both contributory and vicarious copyright infringement because the complaint alleges that a third party, Machete Music, sold some of Plaintiffs' compositions, thus leading to the inference that Defendants licensed to and knew that Machete was distributing the compositions. (Docket No. 202 at 4-5.) Defendants respond that by arguing such, Plaintiffs are merely attempting to include a new factual allegations couched as an inference and thus this argument must be disregarded. (Docket No. 207 at 5-6.) Upon considering the parties' submissions and the pertinent law, the court **DENIES** Plaintiffs' Motion for Reconsideration at Docket No. 202.

**Civil No. 12-1568 (GAG)**

**I.     Standard of Review**

A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005). It is also a long-standing rule that motions for reconsideration cannot be used to bring forth new arguments. See Nat'l Metal Finishing Co., Inc. v. Barclays Am./Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (holding that motions for reconsideration may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier"). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994).

> A.   Contributory Copyright Infringement

A defendant can be found contributorily liable for copyright infringement, if he, "with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971). "The Supreme Court has stated that contributory liability 'may be predicated on actively encouraging (or inducing) infringement through specific acts. . . .'" Metro-Goldwyn-Mayer Studios, Inc., v. Grokster, Ltd., 545 U.S. 913, 942, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005). Although the defendant must have knowledge of the infringing activity, 'the defendant need only have known of the direct infringer's activities, and need not have reached the legal conclusion that those activities infringed a copyrighted work." Jalbert v. Grautski, 554 F. Supp. 2d 57, 68 (D. Mass. 2008).

Contrary to Plaintiffs' arguments, an examination of the third amended complaint in its entirety reveals that Plaintiffs failed to allege that Defendants actively encouraged or induced third

**Civil No. 12-1568 (GAG)**

parties, namely Machete Music, to infringe upon Plaintiffs' copyrights. Although they now claim that an inference can be made that Defendants knew about Machete's infringing actions merely because Machete distributed some of the subject compositions, without any allegations that Defendants knew about and indeed induced or actively encouraged Machete's actions, the court cannot simply infer this necessary elements of this claim. Accordingly, the court rejects Plaintiffs' attempt to advance an argument that should have been alleged in one of its many amendments of the complaint. See Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) ("A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'").

### B. Vicarious Copyright Infringement

Plaintiffs' argument regarding its vicarious copyright infringement claim requires little discussion. Plaintiffs simply argue, without any legal support, that they need not show that Defendants had control over Machete to sufficiently allege vicarious liability; rather, they need only show that Defendants had "direction" over Machete and have done so in light of the fact that Machete had licenses to manufacture and distribute some of the compositions. (Docket No. 202 at 5.) "[T]o find a defendant vicariously liable for another's copyright infringement, the [c]ourt must find that the defendant had (1) the right and ability to supervise the infringing activity, and (2) a direct financial interest in the exploitation of copyrighted materials." Jalbert, 554 F. Supp. 2d at 67-68. The mere fact that Machete had a license to distribute some of the compositions does not show the court in any way how Defendants had the right and ability to supervise Machete's

3

**Civil No. 12-1568 (GAG)**

infringing activity. As such, Plaintiffs fail to persuade the court that it erred when it dismissed this claim for failure to state a claim upon which relief can be granted.

Accordingly, the court **DENIES** Plaintiffs' Motion for Reconsideration at Docket No. 202.

**SO ORDERED.**

In San Juan, Puerto Rico this 9th day of December, 2014.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

4